IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| GAYLEN D. COMBS,<br><br>      Plaintiff,<br><br>vs.<br><br>LINDA S. McMAHON,<br>Commissioner of Social Security,[1]<br><br>      Defendant. | No. C06-4048-MWB<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the court on the defendant's motion (Doc. No. 15) for entry of final judgment reversing and remanding this case for further proceedings, pursuant to sentence four of 42 U.S.C. § 402(g). On November 20, 2003, the plaintiff Gaylen D. Combs protectively filed applications for disability insurance ("DI") benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq*. Combs alleged he became disabled on September 30, 2002, due to back pain and an artery replacement in his leg. (*See* R. 110) His applications were denied initially and upon reconsideration. A hearing was held before an administrative law judge ("ALJ"), during which Combs amended his alleged disability onset date to January 4, 2003. (R. 427)

On November 22, 2005, the ALJ found Combs was not disabled at any time through the date of his decision. The ALJ found Combs has severe impairments consisting of low back pain status post fusion of L5-S1, peripheral vascular disease status post bilateral bypass grafting, hypertension, coronary artery disease, and a history of depression

---

[1]This case was filed originally against Jo Anne B. Barnhart, who was at that time Commissioner of the Social Security Administration ("SSA"). On January 22, 2007, Linda S. McMahon became Acting Commissioner of the SSA, and she hereby is substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d)(1).

and alcohol abuse. (R. 18) However, the ALJ further found these impairments, singly or in combination, did not meet the Listing requirements. (R. 18) Combs appealed the ALJ's ruling, and on March 21, 2006, the Appeal Council of the Social Security Administration denied his request for review, making the ALJ's decision the final decision of the Commissioner.

Combs filed a timely Complaint in this court, seeking judicial review of the ALJ's ruling. (Doc. No. 5) In accordance with Administrative Order #1447, dated September 20, 1999, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), for the filing of a report and recommended disposition of Combs's claim. Combs filed a brief supporting his claim on November 17, 2006. (Doc. No. 13)

On January 11, 2007, the Commissioner filed a motion asking the court to enter final judgment reversing and remanding the case for further consideration. (Doc. No. 15) The Commissioner offers only a suggestion of her reasons for seeking remand, alluding to a subsequent claim for benefits filed by Combs which the Commissioner indicates the Appeals Council will consider "to determine whether there is new and material evidence related to the application at issue in this case." (*Id.*, p. 5 of 9)

On January 22, 2007, Combs filed a response to the Commissioner's motion, indicating he does not object to the entry of judgment reversing and remanding this case for further proceedings. (Doc. No. 16)

Sentence four remand pursuant to 42 U.S.C. § 405(g) requires a plenary review of the record and "a substantive ruling regarding the case, rather than merely returning the case to the agency for disposition." *Hanson v. Chater*, 895 F. Supp. 1279, 1282-83 (N.D. Iowa 1995) ("Absent a judgment or substantive ruling in the case, a remand is not permitted under sentence four of 42 U.S.C. § 405(g).") (citing *Shalala v. Schaefer*, 509

U.S. 292, 299-300, 113 S. Ct. 2625, 2630, 125 L. Ed. 2d 239 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163, 115 L. Ed. 2d 78 (1991)).

The court has reviewed the Record in this case, and finds the defendant's motion should be granted.

Therefore, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[2] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that judgment be entered in favor of Combs[3] and against the Commissioner, and that this case be **reversed and remanded** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), with directions to consider whether there is new and material evidence related to Combs's applications at issue in this case, and to develop the Record as necessary to render an opinion that is based on all of the available evidence regarding Combs's condition.

**IT IS SO ORDERED.**

**DATED** this 22nd day of January, 2007.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

[3] If final judgment is entered for the plaintiff, the plaintiff's counsel must comply with the requirements of Local Rule 54.2 in connection with any application for attorney fees.