**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| GAYLEN D. COMBS,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C06-4048-MWB<br><br>**MEMORANDUM OPINION AND<br>ORDER REGARDING<br>MAGISTRATE JUDGE'S REPORT<br>AND RECOMMENDATION** |

_____

   This matter comes before the court pursuant to Chief United States Magistrate Judge Paul A. Zoss's Report and Recommendation the court grant the defendant's motion (Doc. No. 15) for entry of final judgment reversing and remanding this case for further proceedings, pursuant to sentence four of 42 U.S.C. § 402(g). Combs had filed a response to the Commissioner's motion on January 22, 2007 (Doc. No. 16), in which he indicated that he does not object to the entry of judgment reversing and remanding this case for further administrative proceedings.

   Gaylen D. Combs ("Combs") applied for, and was subsequently denied by an administrative law judge ("ALJ"), Title XVI supplemental security income and Title II disability insurance benefits. *Combs v. McMahon*, No.06-4048-MWB, 2007 WL 186531,

*1 (N.D. Iowa, January 22, 2007).[1] Chief Magistrate Judge Zoss provides the background to Combs's claim for benefits:

> On November 20, 2003, the plaintiff Gaylen D. Combs protectively filed applications for disability insurance ("DI") benefits under Title II of the Social Security Act 42 U.S.C. § 401 *et seq.*, and for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq*. Combs alleged he became disabled on September 30, 2002, due to back pain and an artery replacement in his leg. (*See* R. 110). His applications were denied initially and upon reconsideration. A hearing was held before an administrative law judge ("ALJ"), during which Combs amended his alleged disability onset date to January 4, 2003. (R. 427). On November 22, 2005, the ALJ found Combs was not disabled at any time through the date of his decision. The ALJ found Combs has severe impairments consisting of low back pain status post fusion of L5-S1, peripheral vascular disease status post bilateral bypass grafting, hypertension, coronary artery disease, and a history of depression and alcohol abuse. (R. 18). However, the ALJ further found these impairments, singly or in combination, did not meet the Listing requirements. (R. 18). Combs appealed the ALJ's ruling, and on March 21, 2006, the Appeals Council of the Social Security Administration denied his request for review, making the ALJ's decision the final decision of the Commissioner. Combs filed a timely Complaint in this court, seeking judicial review of the ALJ's ruling. (Doc. No. 5). In accordance with Administrative Order #1447, dated September 20, 1999, this matter was referred to the undersigned United

---

[1]This case was filed originally against Jo Anne B. Barnhart, who was at that time Commissioner of the Social Security Administration ("SSA"). On January 22, 2007, Linda S. McMahon became Acting Commissioner of the SSA, and was substituted as defendant. Subsequently, Michael J. Astrue was appointed Commissioner and is now the defendant in this action *See* Fed. R. Civ.P. 25(d)(1).

2

> States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), for the filing of a report and recommended disposition of Combs's claim. Combs filed a brief supporting his claim on November 17, 2006. (Doc. No. 13).

*Id.*

On January 11, 2007, the Commissioner filed a motion asking the court to enter final judgment reversing and remanding the case for further consideration. The Commissioner explained the reason for seeking such a disposition of the case as follows:

> After careful review of the above-captioned case, Agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration of Plaintiff's claim. Upon receiving the Court's remand order, the Appeals Council will obtain files related to Plaintiff's subsequent claim for benefits to determine whether there is new and material evidence related to the application at issue in this case.

(Doc. No. 15). On January 22, 2007, Combs filed a response to the Commissioner's motion, indicating Combs did not object to the entry of judgment reversing and remanding this case for further proceedings. (Doc. No. 16).

In ruling on the Commissioner's motion to remand, Chief Magistrate Judge Zoss stated that,

> Sentence (sic) four remand pursuant to 42 U.S.C. § 405(g) requires a plenary review of the record and "a substantive ruling regarding the case, rather than merely returning the case to the agency for disposition." *Hanson v. Chater*, 895 F. Supp. 1279, 1282-83 (N.D. Iowa 1995) ("Absent a judgment or substantive ruling in the case, a remand is not permitted under sentence four of 42 U.S.C. § 405(g).") (citing *Shalala v. Schaefer* U.S. 292, 299-300, 113 S. Ct. 2625, 2630, 125 L. Ed. 2d 239 (1993); *Melkonyan v. Sullivan*,

3

> 501 U.S. 89, 98, 111 S. Ct. 2157, 2163, 115 L. Ed. 2d 78
> (1991)). The court has reviewed the Record in this case, and
> finds the defendant's motion should be granted. (*Id*. at 19).

*Combs*, 2007 WL 186531 at *2.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

In this case no objections have been filed. Thus, the court concludes *de novo* review, required under the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1), is not required in this case. Instead, the court will review for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed). Although both the Commissioner of Social Security and Combs have requested remand of this case, this court finds that the recommendation that this case be remanded pursuant to sentence four of § 405(g) was plainly erroneous. Remands in Social Security disability cases must be specifically classified under either "sentence four" or "sentence six" of the remand statute; choice

4

between sentence four and sentence six remand determines whether the district court retains jurisdiction over the case until after determination on remand is made. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

This court issued a comprehensive opinion on the issue of sentence four and sentence six remands, respectively, are appropriate in *Hanson v. Chater*, 895 F. Supp. 1279, 1282-83 (N.D. Iowa 1995) ("Absent a judgment or substantive ruling in the case, a remand is not permitted under sentence four of 42 U.S.C. § 405(g).") (citing *Shalala v. Schaefer*, 509 U.S. 292, 299-300, 113 S. Ct. 2625, 2630, 125 L. Ed. 2d 239 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163, 115 L. Ed. 2d 78 (1991)).

As this court stated in *Hanson*, under sentence four, this court would have to conduct a plenary review of the record and enter a judgment based on such a review.

> The court rejects the Commissioner's claim that the court should remand this case pursuant to sentence four of 42 U.S.C. § 405(g). In consideration of the Supreme Court's interpretation of sentence four in *Melkonyan*, a remand under this sentence would be impermissible. "Remands pursuant to sentence four follow a substantive ruling by a district court, instead of merely returning the case to the agency for disposition." *Seaborn*, 822 F.Supp. at 124; see also *Fernandez v. Sullivan*, 809 F. Supp. 226, 229 (S.D.N.Y.1992) (quoting *Melkonyan*, 501 U.S. at 98, 111 S.Ct. at 2163). To remand this case, the court would have to conduct a plenary review of the record and come to the conclusion that remand of the decision to deny benefits is warranted. *Seaborn*, 822 F. Supp. at 124. In order to remand based on the Commissioner's representation alone that further administrative proceedings are necessary to determine whether Hanson's application for disability benefits should be granted, the court would have to bypass such a plenary review. In addition, forcing the district court to issue a substantive ruling on the merits where both parties agree to the remand would impose a "burden on the district courts to make rulings where

5

> none are required contrary to generally accepted principles of jurisprudence," or in the alternative, invite the court to silently assist the Commissioner in making a substantive ruling. *Tucunango v. Sullivan*, 810 F.Supp. 103, 108 (S.D.N.Y.1993) (remand under sentence four is inappropriate where the Commissioner seeks remand to correct errors of law); see also *Seaborn*, 822 F. Supp. at 125; *Correa v. Sullivan*, No. 92 Civ. 0408 (LLS), 1992 WL 367116, at *3 (S.D.N.Y. Nov. 24, 1992) (no remand under sentence four where the court is not conducting an independent review of the record, but rather is only accepting the Commissioner's assertion in his moving affidavit that he may have erred).

*Hanson v. Chater*, 895 F. Supp. 1279, 1284 (N.D.Iowa 1995).

A sentence six remand is different. Sentence six remands may be ordered in only two situations: when the Commissioner of Social Security requests remand before answering the complaint, or where it can be determined that new, material evidence was not presented during the agency administrative process and there was good cause the evidence was not presented before the agency. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

The court cannot grant a sentence four remand in this case, despite the parties' request that the court do so. Chief Magistrate Judge Zoss did not perform the plenary review of the record or make a substantive ruling as required to trigger a sentence four remand. *See id.* at 1284. Instead, he simply acquiesced in the parties' request that the court enter judgment against the Commissioner and remand the case to the agency. *See Combs*, 2007 WL 186531 at *2 ("The court has reviewed the record in this case, and finds the defendant's motion should be granted.") It is premature for this court to enter a ruling on the merits of this case without a substantive Report and Recommendation from Chief

6

Magistrate Judge Zoss. See *Hanson*, 895 F. Supp. at 1282-83 (a sentence four remand requires plenary review of the record and a substantive ruling).

Nor can the court countenance a sentence six remand, even though the language in the Commissioner's motion indicates that the Appeals Council wishes to determine if there is new evidence, *see* Doc. No. 15, which is generally the language required for a sentence six, clause two remand. *Hanson*, 895 F. Supp. at 1286 (sentence six, clause two permits remand upon a showing of new material evidence). The Commissioner has not alleged sufficient reasons to indicate the existence of new and material relevant evidence, only that there may be new evidence. (Doc. No. 15). As this court stated in *Hanson*,

> The express language of sentence six, clause two provides that the court may "at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding…." 42 U.S.C. § 405(g). In clause one of sentence six, the statutory language refers to the district court's authority to remand "on the motion of the Secretary made for good cause shown before he files his answer…." 42 U.S.C. § 405(g). However, clause two of sentence six is silent regarding whether only the claimant must show good cause for previously failing to incorporate such evidence into the record, or whether the Commissioner must also proffer new, material evidence that was for good cause not introduced at prior administrative proceedings. *Id*. As a result of this ambiguity, courts have rendered inconsistent decisions regarding the application of sentence six, clause two of the statute. In *Melkonyan*, the Supreme Court held the district court may remand in light of additional evidence, but only if the claimant shows good cause for failing to present the evidence earlier. *Melkonyan,* 501 U.S. at 100, 111 S.Ct. at 2164. In addition, prior to *Melkonyan*, one district court restricted the "good cause" test within sentence six, clause two to claimants. See

7

> *Brooks v. Bowen*, 657 F. Supp. 775, 775-76 (N.D. Ill.1987) (refusing to extend the "good cause" test to the Commissioner's motion to remand in light of the Commissioner's voluntary reconsideration of an earlier decision denying benefits); see also *Naylor v. Sullivan*, No. 88-C-7412, 1989 WL 58262, at *3 (N.D.Ill. May 31, 1989) (citing *Brooks*, 657 F.Supp. at 776, for the proposition that a district court may remand a case upon the Commissioner's motion where additional administrative proceedings may remedy past defects).

*Hanson v. Chater*, 895 F. Supp. 1279, 1286 (N.D. Iowa 1995).

It is laudable that the Commissioner wishes to follow Eighth Circuit case law, but the Commissioner utterly fails to offer any sufficient explanation for how remand in this case satisfies the requirements for remand pursuant to either sentence four or sentence six. Indeed, this court determines the Commissioner has not made a sufficient showing that remand is the proper course of action to take pursuant to either sentence four or sentence six, clause two of 42 U.S.C. § 405(g). Chief Magistrate Judge Zoss's conclusion that remand was appropriate was plainly erroneous.

Therefore, the Report and Recommendation is **rejected**, *See* § 28 U.S.C., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."), and the Commissioner's January 11, 2007, Motion To Reverse And Remand And For Entry Of Final Judgment

(Docket No. 15) is **denied.** Chief Magistrate Judge Zoss is directed to enter an order resetting a briefing schedule on the merits and to submit to the undersigned a new Report and Recommendation on the merits or on such other motions as the parties may submit concerning disposition of this case.

**IT IS SO ORDERED.**

**DATED** this 2nd day of May, 2007.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

9