IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| GAYLEN D. COMBS,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. C 06-4048-MWB<br><br>**ORDER REGARDING SUPPLEMENTAL REPORT AND RECOMMENDATION** |

      This action for judicial review of an administrative decision of the Commissioner of Social Security denying the plaintiff's claim for Title II disability insurance benefits and Title XVI supplemental security income benefits comes before the court pursuant to the September 4, 2007, Supplemental Report and Recommendation (docket no. 23) by Chief United States Magistrate Judge Paul A. Zoss. In his Supplemental Report and Recommendation, Judge Zoss conducted the substantive review of the merits of the action that is required before an action can be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), as this court had directed in its May 2, 2007, Memorandum Opinion And Order Regarding Magistrate Judge's Report and Recommendation (docket no. 18) concerning Judge Zoss's original Report and Recommendation. After such substantive review, Judge Zoss renews his recommendation that the Commissioner's decision be reversed and this case remanded pursuant to sentence four of 42 U.S.C. § 405(g), specifically adding that the remand is for a finding that Combs is disabled and for a determination of whether or not Combs's alcoholism is a contributing

factor material to the finding of disability. Neither party filed any timely objections to the Supplemental Report and Recommendation.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

In this case, no party made any timely objections to the September 4, 2007, Supplemental Report and Recommendation, and the deadline for any such objections is now long expired. Therefore, the court will apply only "plain error" review. *Id.* The court finds no "plain error" in Judge Zoss's conclusions that the Commissioner's decision should be reversed and this case remanded pursuant to sentence four of 42 U.S.C.

§ 405(g), his conclusion that such remand is for a finding that Combs is disabled, or his conclusion that, on remand, the Commissioner is to determine whether or not Combs's alcoholism is a contributing factor material to the finding of disability.

THEREFORE, the September 4, 2007, Report and Recommendation (docket no. 23) by Chief United States Magistrate Judge Paul A. Zoss is **accepted**. Consequently, **the Commissioner's decision in this matter is reversed**, and this matter is **remanded** pursuant to sentence four of 42 U.S.C. § 405(g) for a finding that Combs is disabled and for a determination by the Commissioner of whether or not Combs's alcoholism is a contributing factor material to the finding of disability.

Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 4th day of October, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA